## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IRENE MARTINEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-21-CV-00841-XR |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Defendant Home Depot U.S.A., Inc.'s motion for summary (ECF No. 28), Plaintiff Irene Martinez's response (ECF No. 30), and Defendant's reply (ECF No. 31). After careful consideration, the Court issues the following order.

## BACKGROUND[1]

Plaintiff Irene Martinez ("Martinez") brings this suit against Defendant Home Depot U.S.A., Inc. ("Home Depot") for negligence and gross negligence. ECF No. 1-2 at 4. On or about May 17, 2020, Plaintiff alleges that, as a direct and proximate result of Defendant's active negligence, Plaintiff was severely injured after tripping on a concrete nail while she was walking in Home Depot at 435 W. Sunset Road West, San Antonio, Texas 78209. *Id*. Plaintiff alleges that her injuries and associated damages occurred as a direct and proximate result of negligent acts or omissions committed by Defendant. *Id*. at 5.

---

[1] These facts are undisputed unless otherwise noted.

Plaintiff, as she was entering Defendant's premises, tripped and fell on a concrete nail that was "popped up" on the ground. ECF No. 28-2 (Deposition of Irene Martinez) at 23:19–21, 27:25–28:6.

Plaintiff alleges that at the time of the incident, and due to the COVID-19 pandemic, when Plaintiff and her husband arrived at Home Depot, "customers were made to queue up before entering the store" to limit the number of customers in the story at any given time. *See* ECF No. 30-11 (Deposition of Angelica Aguilar) at 7:25–9:21 (Home Depot experience manager describing the COVID-19 protocols in place to encourage social distancing). Defendant "had erected some 'pop-up' tents, or canopies, on the pavement in front of the store" and "strung plastic chain to form a line or queue under the canopies and that customers had to stand in this line until they reached the front door." *Id*.

Plaintiff alleges via her affidavit that a security guard sitting at the front entrance of the store would tell the customers when they could enter. ECF No. 30-1 (Affidavit of Irene Martinez) ¶ 2. A series of "Xs" were marked on the pavement every six feet for social distancing. ECF No. 30-11 at 9:3–9:7. Plaintiff alleges that as she moved through the line, she tripped on a large nail that had been driven into, and was sticking out of, the pavement. ECF No. 30-1 ¶ 4. She fell to the ground, injuring her wrists, hands, shoulders, back, neck, and body in general. ECF No. 1-2 at 6.

## DISCUSSION

I.   **Legal Standard**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the

burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested

witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

Defendant seeks summary judgment on Plaintiff's claims of negligence and premises liability. The Court first addresses two threshold issues raised in Defendant's motion for summary judgment and Plaintiff's response.

First, Defendant challenges portions of Plaintiff's proposed summary judgment evidence, specifically the affidavits of Plaintiff and her husband. See ECF Nos. 30-1 (Affidavit of Irena Martinez), 30-2 (Affidavit of Cipriano Martinez). With regard to these affidavits, the Court holds that "[a] non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 289 (5th Cir. 2020). Although "broad legal or factual assertions in an affidavit that are unsupported by specific facts are generally held to be conclusory," a more "detailed and fact-intensive affidavit can raise genuine issues of material fact that preclude summary judgment." *Id.* Here, although arguably self-serving, Irena Martinez and Cipriano Martinez's affidavits are based on personal knowledge, creating a genuine issue of fact that overcomes summary judgment. "A party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." *C.R. Pittman Const. Co. v. Nat. Fire Ins.*, 453 F. App'x 439, 443 (5th Cir. 2011) (citation omitted). The Court therefore holds these affidavits to be proper summary

judgment evidence and will consider them in the context of Defendant's motion for summary judgment.

Second, the Court turns to Plaintiff's contention that Defendant's summary judgment motion should be denied because Defendant's counsel has delayed Plaintiff's discovery efforts. *See* ECF No. 30 at 4. Plaintiff alleges that, "before it has produced a single witness for deposition and before Plaintiff has had the opportunity to take a single deposition[,]" Defendant has filed this motion, constituting unfair behavior regarding fair discovery. *Id*. at 5. Defendant, by contrast, argues that it has not engaged in any unfair discovery practices and that Plaintiff otherwise failed to take any corrective action to remedy the issue. *See* ECF No. 31 at 4. Defendant argues that it has filed the instant motion to comply with the Court's deadline, and no request for an extension of time to seek additional recovery was filed by Plaintiff. The Court agrees. The Court holds that with regard to the scheduling of the deposition of Jacyln Riojas, the Home Depot employee responsible for completing the incident report after Plaintiff's fall, Defendant's behavior was neither unfair nor unreasonable.  With regard to Home Depot employee Angelica Aguilar's deposition, because it was ultimately scheduled and completed, the Court again holds that Defendant has not engaged in any unfair discovery practices. *See* ECF No. 30-11 (Deposition of Angelica Aguilar).

The Court now turns to analyze Defendant's summary judgment challenge to Plaintiff's claims.

### A.  Negligent Activity

The threshold issue is whether Plaintiff's negligence claim is based on negligent conduct or premises liability.

In this context, a property owner is negligent when he or she fails to "do what a person of ordinary prudence in the same or similar circumstances would have . . . done." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). By contrast, premises liability arises from the duty "[a]n owner or occupier of land has . . . to use reasonable care to keep the premises under his control in a safe condition." *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985) (internal citation omitted).

In Texas, general negligence and premises liability claims are "separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding*, 537 S.W.3d at 471. They are not interchangeable; each theory requires certain proof and is subject to certain defenses. *Id.* ("Negligent-activity and premises liability claims 'involve closely related but distinct duty analyses.'") (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). Different circumstances will impact whether a person injured on another's property has one type of claim or the other against the property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2015).

The Texas Supreme Court provides guidance in *Occidental* for how to distinguish between a general negligence claim and a premises liability claim: "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)) (emphasis added). Put another way, negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct" by the property owner, while premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the

property safe." *United Scaffolding*, 537 S.W.3d at 471 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

The Texas Supreme Court also provides pleading guidance in *United Scaffolding*, noting that "[c]reative pleading does not change the nature of a claim; if a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." 537 S.W.3d at 470–71. Courts are therefore required to examine a plaintiff's characterization of his or her claims to determine whether they contain contemporaneous negligent activity claims or premises liability claims. *Id.* at 480. While "negligent activity" claims are based on "affirmative, contemporaneous conduct by the owner that caused the injury," premises liability claims encompass "non-feasance theories" based on the "owner's failure to take measures to make the property safe." *Id.* at 471. Courts are therefore tasked with analyzing whether a plaintiff's claims resulted from contemporaneous negligent action (resulting in a negligent activity claim) or an owner's failure to take measures to ensure the property is safe (a premises liability claim).

The Texas Supreme Court, applying this framework in *United Scaffolding*, had to determine whether a plaintiff's claims sounded in general negligence or premises liability. *See generally id.* The plaintiff in that case, a pipefitter, "slipped on a piece of plywood that had not been nailed down, causing him to fall up to his arms through a hole in the scaffold." *Id.* at 467. He claimed that the property owner created a dangerous condition and then failed to "adequately determine the dangerous conditions created," "correct the dangerous condition which existed with the scaffolding," "secure the scaffolding in a proper and safe work condition," and "warn 'that a dangerous condition existed.'" *Id.* at 472. The case was submitted to the jury on a general negligence theory, and the jury found against the property owner. On appeal, however, the Texas

Supreme Court held that "the only fair reading of [plaintiff's] allegations is that his injury resulted from a physical condition left on the property—a hole in the scaffold platform, covered by an unsecured sheet of plywood—and not some contemporaneous activity. Therefore, on the question of whether [his] claim arises from a contemporaneous negligent activity or a condition on the property, we hold that [his] alleged injury arose from a premises defect." *Id*. at 473. The Court concluded that the plaintiff's claims sounded in premises liability and then examined whether the defendant, a general contractor, "may be subject to liability for breaching any duties that a property owner would owe to business invitees." *Id*. at 474.

Texas case law makes clear that courts should examine the time that elapses between alleged negligent conduct and an injury as a means of distinguishing "contemporaneous" negligence claims from premises liability claims. The measure of how much time has elapsed is a relevant inquiry because, "[a]t some point, almost every artificial condition can be said to have been created by an activity." *Keetch v. Kroger Co.*, 845 S.W.2d at 264. The Supreme Court of Texas made clear in that case that in order for a plaintiff to establish a claim for negligent activity liability, he must show close temporal proximity between the alleged negligent activity and the resulting injuries. The Supreme Court of Texas held in *Keetch* that a mere thirty minutes of time elapsed between when a grocery store had sprayed plants in the floral department and when the Plaintiff slipped on the floor in a pool of the spray was too much elapsed time for the claim to sound in general negligence. "There was no ongoing activity when [plaintiff] was injured." *Id.* What had caused the plaintiff's injuries was a condition "created by the spraying . . .but she was not injured by the activity of spraying." *Id.* Both *United Scaffolding* and *Keetch* therefore make clear that Plaintiff's claim in this case sounds in premises liability rather than negligence.

Reviewing the conduct at issue in this case supports the Court's conclusion that Plaintiff's claim is one for premises liability against Defendant. At issue in this case is Plaintiff's tripping over a nail protruding from the ground. ECF No. 1-2 at 4. Plaintiff alleges that there was negligent activity on the part of Defendant Home Depot because the store customers were required to stand in and move through a queue before entering the store in a part of the store that is not normally a walkway entrance. ECF No. 30 ¶ 2. The moving through the line to enter the store, however, was not the was not affirmative, contemporaneous conduct by the Defendant that caused the injury. Defendant contends, and the Court agrees, that Plaintiff was not injured by the "activity" of moving through the line, but rather by a condition (the nail protruding out of the floor). *Id.* ¶ 30. Plaintiff's injuries were therefore the result of "a physical condition left on the property . . . not some contemporaneous activity." *United Scaffolding*, 537 S.W.3d at 471–73. As Defendant correctly points out in its reply, "There is no corresponding activity taking place such as . . . Home Depot putting in the nail or removing it at the time of customers [waiting] in line. Simply having customers enter the store through the line is not a negligent activity." ECF No. 31 at 8. Therefore, Plaintiff's claim should instead be categorized as a premises liability claim.

**B. Premises Liability**

Under Texas premises liability law, Plaintiff was an invitee of Home Depot. *See Rosas v. Buddies Food Store*, 518 S.W. 2d 534, 536 (Tex. 1975) ("An invitee has been described as one who enters on another's land with the owner's knowledge and for the mutual benefit of both."). An owner of the premises owes an invitee the duty of reasonable care. *Id.* Therefore, to prevail on a premises liability claim under Texas law, a plaintiff must establish:

> "(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk;

and (4) that [the defendant's] failure to use such care proximately
caused [the plaintiff's] personal injuries.

*United Scaffolding*, 537 S.W.3d at 471 (internal citation omitted). The Court will analyze each

element in turn.

### 1. Knowledge

In Texas, an owner's knowledge of a potentially harmful condition can be established in

one of the following three ways: (1) proof that employees caused the harmful condition; (2) proof

that employees either saw or were told of the harmful condition prior to the plaintiff's injury; or

(3) proof that the harmful condition was present for so long that it should have been discovered in

the exercise of reasonable care. *Augustinovich v. Home Depot U.S.A., Inc.*, No. 1:20-CV-1233-RP,

2022 WL 5567873, at *3 (W.D. Tex. Aug. 23, 2022) (citing *Keetch*, 845 S.W.2d at 264).

Plaintiff alleges that "the inference of HD's actual knowledge can be supplied by the

doctrine of *res ipsa loquitor*." ECF No. 30 at 17. The Court, however, disagrees. Plaintiff has

alleged no evidence to support her allegation that Home Depot had knowledge and full

appreciation of the nail. The Court does find, however, that sufficient evidence has been offered

to create a genuine issue of material fact regarding Home Depot's constructive knowledge of the

nail.

"To establish constructive knowledge in a slip-and-fall case, a plaintiff must prove that it

is more likely than not the dangerous condition existed long enough to give the proprietor a

reasonable opportunity to discover the condition." *Hirras v. Wal-Mart Stores, Inc.,* No. SA-19-

CV-01411-FB, 2021 WL 683169, at *4 (W.D. Tex. Feb. 18, 2021), *report and recommendation

adopted*, No. SA-19-CV-1411-FB, 2021 WL 2431030 (W.D. Tex. Mar. 9, 2021) (internal

quotation marks and citation omitted). "The rule requiring proof that a dangerous condition existed

for some length of time before a premises owner may be charged with constructive notice is firmly

rooted in [Texas] jurisprudence," and has been referred to as the "time-notice rule." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002).

The nature of the nail's position in the ground at the time that Plaintiff tripped could certainly indicate that it was either cemented or otherwise fixed into the ground in a permanent fashion. That type of positioning is enough to create a fact question about whether Home Depot should have reasonably discovered that the nail was no longer firmed secured into the ground and was sticking out to create a tripping hazard. Having concluded that sufficient evidence has been proffered to create a genuine issue of material fact with regard to the first element of premises liability, knowledge, the Court next addresses whether the nail posed an unreasonable risk of harm.

### 2. Unreasonable Risk of Harm

"A condition poses an unreasonable risk of harm for premises liability when there is sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Storey v. Fam. Dollar Stores of Texas, LLC*, No. 5:20-CV-254-DAE, 2021 WL 2394738, at *5 (W.D. Tex. Mar. 19, 2021) (internal quotation marks and citation omitted). "The determination of whether a particular condition poses an unreasonable risk of harm is fact specific." *City of Austin v. Vykoukal*, Case No. 3-16-261-cv, 2017 WL 2062259, at *4 (Tex. App.—Austin 2017, no pet.). There is no definitive test for determining whether a condition is unreasonably dangerous. *Hatamieh v. Kroger Tex. LP*, Case No. 3:16-cv-1599-B, 2018 WL 1014158, at *2 (N.D. Tex. Feb. 21, 2018).

The Court concludes that at this stage, taking all facts and reasonable inferences in her favor, Plaintiff has created a triable issue as to whether the nail protruding from the ground posed an unreasonable risk of harm. A jury could certainly reach the conclusion that the nail protruding from the ground in the walkway entrance of the store was in that position for a long enough period

of time that an employee could have discovered and corrected it, and that it therefore posed an unreasonable risk of harm.

### 3.  Defendant's Failure to Exercise Reasonable Care

Should a jury find that Defendant Home Depot had constructive knowledge of the nail and that the nail posed an unreasonable risk of harm, a jury also bears have the responsibility of determining whether Defendant Home Depot exercise reasonable care.

### 4.  Defendant's Failure Proximately Caused Plaintiff's Injuries

Finally, the Court turns to analyze whether Plaintiff has offered sufficient evidence to suggest proximate cause between the incident and her injuries. Proximate cause consists of two elements: (1) cause in fact and (2) foreseeability. *Minjarez v. Wal-Mart Stores, Texas, LLC*, 363 F. Supp. 3d 763, 771 (W.D. Tex. 2019) (citing *W. Invs., Inc.*, 162 S.W.3d at 551).

Plaintiff's affidavit provides that she "fell hard onto the pavement and injured her wrists, hands, shoulders, back, neck, chest and fingers" and was treated by a variety of medical care providers. ECF No. 30-1 ¶ 12; *see also* ECF No. 30-12 (Plaintiff's medical records).  When viewing the evidence in the light most favorable to the plaintiff, a jury could determine that Home Depot's alleged failure to make the premises safe was a "substantial factor" in bringing about Plaintiff's injuries, demonstrating both proximate cause and foreseeability. A question of fact therefore remains.

### C.  Gross Negligence

To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim and demonstrate two elements by clear and convincing evidence. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. § 41.003(b)). First, a plaintiff must establish that the act or

omission of the defendant involved an extreme degree of risk. TEX. CIV. PRAC. & REM. §
41.001(11)(A); *see also Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 784–86 (Tex. 2001).
Second, the plaintiff must establish that the defendant had actual, subjective awareness of the risk
involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare
of others. TEX. CIV. PRAC. & REM. § 41.001(11)(A); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10,
23 (Tex. 1994).

Extreme risk is not merely "a remote possibility of injury or even a high probability of
minor harm, but rather the likelihood of serious injury to the plaintiff." *Moriel*, 879 S.W.2d at 22
(quoting *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993). The alleged
"extreme risk" must be examined from the perspective of the actor at the time of the incident, not
in hindsight. *Moriel*, 879 S.W.2d 10 at 23. "The standard for proving gross negligence under Texas
law is considerably more stringent than the 'reasonable person' standard for
ordinary negligence." *Henderson v. Norfolk S. Corp.*, 55 F.3d 1066, 1070–71 (5th Cir. 1995); *see
also Alexander*, 868 S.W.2d at 327 (holding that gross negligence must involve an "objectively
higher risk than ordinary negligence").

Plaintiff concedes that the evidence does not support her claim for gross negligence and
thus the Court grants Defendant's motion for summary judgment as to gross negligence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 28) is
**GRANTED IN PART AND DENIED IN PART.** Plaintiff's negligence and gross negligence
claims are **DISMISSED WITH PREJUDICE.** Plaintiff's premises liability claim remains
pending.

It is so **ORDERED**.

13

**SIGNED** April 10, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE